## KASCH'S GARDEN CENTERS AND NURSERIES,
*Petitioner,*

*v.*

## DEPARTMENT OF AGRICULTURE,
*Respondent.*

(A39912)

736 P2d 609

Barry L. Adamson, Portland, argued the cause for petitioner. With him on the brief was Williams, Fredrickson, Stark & Weisensee, P.C., Portland.

John A. Reuling, Jr., Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before, Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Under ORS 183.400,[1] petitioner challenges the validity of OAR 603-52-129. The rule establishes a quarantine "against the pest known as brown garden snail * * * which * * * caus[es] severe damage to leaves and fruits of many plants." OAR 603-52-129(1).

Included in the areas of quarantine are California and Washington, from which petitioner imports nursery stock. The rule permits entry of covered commodities from quarantine areas into Oregon

> "only when such commodities are accompanied by a certificate of quarantine compliance issued by an authorized official from the state of origin which certifies that it has been determined by official inspection immediately prior to shipment that such covered commodities were found to be free of all life stages of the brown garden snail or that such commodities originate from an area determined by official inspection to be free of brown garden snail." OAR 603-52-129(4)(a).

Petitioner argues that the rule is invalid, because (1) respondent exceeded its statutory authority in promulgating it, ORS 183.400(4)(b); and (2) it is preempted by federal statutes and regulations. Neither argument has merit.

Respondent did not exceed its statutory authority in promulgating the rule. ORS 561.190 authorizes it to make any rule or regulation

> "necessary for the administration or enforcement of any law with the administration or enforcement of which the department is charged, and not inconsistent with the authority with which the department is vested or with any such law."

ORS 561.510 provides specific statutory authority for OAR 603-52-129:

> "Whenever, in the opinion of the director any animals, fowls, bees, fruits, vegetables, plants, parts of plants or seeds

---

[1] ORS 183.400(1) provides:

"The validity of any rule may be determined upon a petition by any person to the Court of Appeals in the manner provided for review of orders in contested cases. The court shall have jurisdiction to review the validity of the rule whether or not the petitioner has first requested the agency to pass upon the validity of the rule in question, but not when the petitioner is a party to an order or a contested case in which the validity of the rule may be determined by a court."

within any area or section are diseased or *infected with any infestation,* or any area or section is infested with any kind of weed, which disease, *infestation* or weed is liable to spread and become detrimental to the plant or animal life of this state or is liable to injuriously affect the health of citizens of the state, with reference to any of which the Secretary of Agriculture of the United States has not determined that a quarantine is necessary and established a quarantine, the director is authorized, with the consent of the Governor, to declare a quarantine against the movement of any such animals, fowls, bees, fruits, vegetables, plants, parts of plants or seeds, or against the movement of any articles which may contain such weeds or the seeds thereof, or which may be liable to spread such disease or *infestation* into the state, if such area or section be outside the boundaries of this state, or against the movement from such area or section of such animals, bees, fowls, fruits, vegetables, plants, parts of plants or seeds, or against the movement within the state of articles liable to spread such weeds or weed seeds, or which may be liable to spread such disease or infestation, if such area or section is within the state." (Emphasis supplied.)[2]

Respondent should have cited ORS 561.510 in its notice of hearing, *see* ORS 183.335,[3] but it did not. It cited only ORS 561.190, ORS 570.305 and ORS 561.520(4).[4] The latter section refers specifically to ORS 561.510:

"Orders relating to the quarantine of areas located outside of Oregon or of the movement of animals, fowls, bees, fruits, vegetables, plants, parts of plants or seeds, or of the movement of any article which may contain such weeds or seeds or other materials which may be liable to spread disease or infestation into Oregon, *as provided by ORS 561.510* or 561.560, shall not be promulgated until at least one public hearing has been held within the state." (Emphasis supplied.)

---

[2] The Secretary of Agriculture has not established a quarantine of the brown garden snail.

[3] ORS 183.335(2)(b) provides, in part:

"The agency shall include with the notice of intended action given under subsection (1) of this section:

"(A) A citation of the statutory or other legal authority relied upon and bearing upon the promulgation of the rule."

ORS 183.335(10)(a) provides:

"No rule is valid unless adopted in substantial compliance with the provisions of this section in effect on the date the rule is adopted."

[4] Respondent no longer relies on ORS 570.305, but relies solely on ORS 561.510.

We do not need to decide if the citation to ORS 561.520(4) substantially complies with the rulemaking procedures that ORS 183.335 prescribes. ORS 183.400(6) provides:

> "The court shall not declare a rule invalid solely because it was adopted without compliance with applicable rulemaking procedures after a period of two years after the date the rule was filed in the office of the Secretary of State, if the agency attempted to comply with those procedures and its failure to do so did not substantially prejudice the interests of the parties."

Petitioner does not claim that respondent did not attempt to comply with the applicable rulemaking procedure. *See* ORS 183.335. More than two years elapsed between the time that respondent filed the rule with the Secretary of State in 1983 and when petitioner filed its petition with this court in 1986. Respondent's failure to cite ORS 561.510 did not substantially prejudice the rights of the parties. Accordingly, we may not declare OAR 603-52-129 invalid just because respondent failed to cite that authority expressly.

■ Moreover, the rule is not preempted by federal statute or regulation. Neither the 1944 nor 1957 federal statute relating to plant pests preempts state quarantines. *See* 7 USC § 147a *et seq* and 7 USC § 150aa *et seq.* The federal regulations contain no specific preemption language, and we may not reasonably infer preemption from them. *See* 7 CFR § 330.100 *et seq.* Furthermore, 7 USC § 147a expressly contemplates continued state participation in plant pest control.[5] We conclude that federal law does not expressly preempt OAR 603-52-129, the rule does not directly conflict with or interfere with the operation of federal law, and Congress has not occupied the field. The rule is not preempted. *See Derenco v. Benjamin Franklin Savings & Loan,* 281 Or 533, 577 P2d 477 (1978).

Rule held valid.

---

[5] 7 USC § 147a(a) provides:

"The Secretary of Agriculture, either independently or in cooperation with States or political subdivisions thereof, farmers' associations and similar organizations, and individuals, is authorized to carry out operations or measures to detect, eradicate, suppress, control, or to prevent or retard the spread of plant pests."